IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : Case No. 4:24-mj-66-AGH |
| | : |
| DAVID H. KAY, | : |
| | : |
| Defendant. | : |

## **O R D E R**

On November 13, 2024, the Court held a hearing on Defendant's motion to suppress any evidence acquired after Defendant's arrest for driving under the influence ("DUI") (ECF No. 9; Minute Entry, Nov. 13, 2024, ECF No. 14). For the reasons explained below, Defendant's motion to suppress is denied.

### FINDINGS OF FACT

Defendant David H. Kay is charged with one count each of Driving Under the Influence ("DUI") and DUI Less Safe. Information, ECF No. 1. On June 27, 2024, Military Police Officer Aiden Sowinski, along with other officers, responded to an emergency medical call at the Infantry Bar located on Fort Moore, Georgia.[1] Hr'g 11:34:25-35, 11:36:24-30.[2] Defendant was in the lobby of the bar, and he identified himself to Officer Sowinski as the person who found the individual experiencing a

---

[1] Officer Sowinski is now a Sergeant and an MP Patrol Supervisor, but at the time of the incident, he was an MP Officer. Hr'g 11:42:44-51. The Court will refer to now-Sergeant Sowinski as Officer Sowinski for consistency with the factual timeline.

[2] All citations to the November 13, 2024, hearing refer to times logged contemporaneously by the Court's FTR Gold recording system on the date of the proceeding.

medical emergency. *Id.* at 11:36:24-56. Upon encountering Defendant, Officer Sowinski noticed the odor of alcohol emanating from Defendant, that Defendant was swaying with unsure balance, that Defendant's speech was incoherent, and that Defendant had blood shot eyes. *Id.* at 11:36:57-11:37:51. Officer Sowinski asked Defendant if he had been drinking, and Defendant responded "fuck yeah." *Id.* at 11:37:53-11:38:14. Officer Sowinski also asked Defendant if he was going to take a cab, and Defendant responded affirmatively. *Id.* at 11:38:22-34. Officer Sowinski, who has previously interacted with individuals who were drunk, believed Defendant appeared drunk. *Id.* at 11:38:34-42.

Officer Sowinski then observed Defendant leave the bar and stumble towards his vehicle, open the driver's side door, enter the vehicle, turn the vehicle on, with the reverse taillights turning on.[3] Hr'g 11:38:43-11:39:13. Officer Sowinski observed Defendant drive the vehicle, which prompted Officer Sowinski to sprint to his patrol car and successfully stop Defendant before Defendant's car left the bar parking lot. *Id.* at 11:39:14-30. Officer Sowinski called for additional support and waited for the support to arrive. *Id.* at 11:39:34-51.

Once the support arrived, Officer Sowinski went to the driver's side window and asked Defendant to step out of the car. *Id.* at 11:39:52-11:40:05. Officer Sowinski asked Defendant if he had any injuries, and Defendant reported he was stationed at the soldier recovery unit awaiting surgery for a back injury. *Id.* at 11:40:10-11:40:21.

---

[3] Officer Sowinski clarified during the hearing that Defendant was free to leave the bar, as Defendant was not detained until later. Hr'g 11:41:33-11:42:35.

While standing outside the car next to Defendant, Officer Sowinski again noticed the odor of alcohol coming from Defendant, that Defendant was still swaying "pretty violently," and that Defendant had blood shot eyes.[4]  Hr'g 11:40:22-11:40:35.  Based on military protocol which requires that the standard field sobriety tests ("SFST") that require individuals to walk in a straight line or to balance on one leg not be administered to anyone with an injury that might affect balance or walking in a straight line, Officer Sowinski decided not to perform any SFSTs because of safety concerns related to Defendant's back injury, and because Defendant was swaying violently, was unable to maintain eye contact, and his speech was incoherent.[5]  *Id.* at 11:43:19-44, 11:40:35-11:41:08.  Officer Sowinski did, however, administer the portable breath test, which showed the presence of alcohol in Defendant's breath.  *Id.* at 11:41:08-17.  Based on these observations and his experience, Officer Sowinski arrested Defendant for DUI.[6]  *Id.* at 11:41:18-25.

## DISCUSSION

Defendant argues that Officer Sowinski did not have probable cause to arrest Defendant for driving under the influence, and therefore, any evidence obtained against Defendant after his arrest must be suppressed.  This evidence includes the

---

[4] Officer Sowinski clarified that he meant Defendant was swaying violently—to the point that he thought Defendant would fall over—but not that Defendant was being physically violent with anyone at the scene.  Hr'g 11:51:28-11:52:13

[5] Officer Sowinski was not trained on a third SFST called the horizontal gaze nystagmus because it was not offered during his training.  Hr'g 11:47:31-35, 11:48:21-26.

[6] Officer Sowinski has been an MP for four years and received six months of training that included DUI specific training.  Hr'g 11:34:25-11:35:18.  He began his post on Fort Moore in March 2024, at which time he received a refresher DUI course.  *Id.* at 11:35:16-38.

results of the Intoxilyzer 9000 breath test.  Mot. to Suppress 2, ECF No. 9.  During the hearing, Defendant agreed that Officer Sowinski only needed reasonable suspicion to initiate the traffic stop of Defendant, but argued that Officer Sowinski lacked probable cause to arrest Defendant.  Hr'g 12:19:40-12:20:49.  For the following reasons, the Court finds Officer Sowinski had probable cause to arrest Defendant for DUI and the motion to suppress is denied.

"An officer has probable cause to arrest a person when he has sufficient knowledge, based on reasonably trustworthy information, for a prudent person to believe that the suspect has committed or is committing an offense." *United States v. Harrell*, 603 F. App'x 877, 879 (11th Cir. 2015).  "Although probable cause requires more than suspicion, it 'does not require convincing proof,' and 'need not reach the [same] standard of conclusiveness and probability as the facts necessary to support a conviction.'" *Lee v. Ferraro*, 284 F.3d 1188, 1195 (11th Cir. 2002) (alteration in original) (internal citation omitted).  Furthermore, the test for probable cause is an objective one.  *Whren v. United States*, 517 U.S. 806, 813 (1996) ("[s]ubjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis"). "To determine whether an officer had probable cause to arrest an individual, [the Court] examine[s] the events leading up to the arrest, and then decide[s] whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause." *United States v. Jean*, 636 F. App'x 767, 768 (11th Cir. 2016) (quoting *Maryland v. Pringle*, 540 U.S. 366, 371 (2003)).

Here, based on the totality of the circumstances, Officer Sowinski had probable cause to arrest Defendant for driving while under the influence of alcohol. Officer Sowinski encountered Defendant in a bar and immediately noticed the odor of alcohol coming from Defendant, that Defendant was swaying, that his speech was incoherent, and that Defendant had blood shot eyes. Additionally, Defendant told Officer Sowinski that he had been drinking and that he would take a cab home. Officer Sowinski then observed Defendant stumble to his car, get in his car, and drive his car. Once Officer Sowinski stopped Defendant's car and had Defendant standing outside the car, Officer Sowinski noticed the very same signs of intoxication: Defendant was swaying violently—Officer Sowinski testified that he thought Defendant might fall as a result of his swaying and unsure balance—and Defendant still smelled of alcohol and had blood shot eyes.

Based on the totality of the circumstances outlined above, a reasonably prudent person would objectively believe that Defendant had been driving while under the influence. Probable cause existed for Officer Sowinski to arrest Defendant.

Further, the Court finds Defendant's argument that Officer Sowinski *must* have performed the SFSTs in order to determine whether probable cause existed to arrest Defendant unavailing. The totality of the circumstances and facts discussed above support probable cause without any SFSTs being administered. Moreover, as Officer Sowinski testified, Defendant reported an injury that might affect his balance and his violent swaying could have caused Defendant to stumble and injure himself

5

during the SFSTs.  Officer Sowinski did not need to rely upon SFSTs to find probable cause to arrest Defendant.  Defendant's motion to suppress is denied.

## CONCLUSION

As explained above, probable cause existed to arrest Defendant for driving under the influence.  Defendant's motion to suppress (ECF No. 9) is consequently **DENIED**.

**SO ORDERED**, this 15th day of November, 2024.

 s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE
